UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 APR 27 P 5: 31

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| DANA E. LAING | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 05-10107-MLW |
| | ) |
| McCRACKEN FINANCIAL | ) |
| SOFTWARE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S ANSWER AND
## AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendant, McCracken Financial Software, Inc. ("Defendant") hereby answers the

Complaint of Plaintiff, Dana E. Laing ("Plaintiff") in the above-referenced matter as follows:[1]

1.       This is an action brought by the plaintiff, Dana Laing, against a former employer,

McCracken Financial Software, Inc., alleging that his employment was unlawfully terminated

due to his federal grand jury service (Jury System Improvements Act) Protections of Jurors'

Employment, 28 U.S.C. § 1875 (1978).

**Answer:**

It is admitted that Plaintiff is a former employee of Defendant.  Defendant denies that

Plaintiff's employment was terminated because of his federal grand jury service.

2.       In this action the plaintiff seeks monetary damages for lost wages and other

employment benefits as well as declaratory relief, including but not limited to an order to

---

[1]       There are no numbered paragraphs in the Complaint.  For the convenience of the Court and the parties, Defendant has answered each sentence of the Complaint as a separate numbered paragraph.

reinstate the plaintiff to employment and to enjoin the defendant from taking any further action to discharge, threaten to discharge or intimidate the plaintiff by reason of his grand jury service.

**Answer:**

It is admitted that Plaintiff seeks the damages and relief described in Paragraph 2 of the Complaint. Defendant denies the remaining allegations of this paragraph.

3.     The action arises under (Jury System Improvements Act) Protection of Jurors' Employment, 28 U.S.C. § 1875.

**Answer:**

The allegations of Paragraph 3 of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that Plaintiff alleges a violation of the statute cited in this paragraph, such allegations are denied.

4.     Jurisdiction of this Court is invoked by diversity of citizenship, 28 U.S.C. § 1332 and 28 U.S.C. §§ 2201 and 2202 and the pendant jurisdiction of this court.

**Answer:**

The allegations of Paragraph 4 of the Complaint constitute conclusions of law to which no responsive pleading is required.

5.     The matter in controversy exceeds, exclusive of interest in costs, the sum specified by 28 U.S.C. § 1332.

**Answer:**

The allegations of Paragraph 5 of the Complaint constitute conclusions of law to which no responsive pleading is required.

6.    The Plaintiff, Dana E. Laing, is and was at all times relevant herein a resident of the Commonwealth of Massachusetts and was employed by the Defendant-company, McCracken Financial Services, Inc. in Billerica, Massachusetts.

**Answer:**

Admitted.

7.    The defendant, McCracken Financial Software, Inc. is a Billerica, Massachusetts based unit of GMAC Commercial Holding Corporation incorporated in the state of Delaware.

**Answer:**

Defendant admits that it is has offices in Billerica, Massachusetts and is incorporated in the state of Delaware.  Defendant denies the remaining allegations of Paragraph 7 of the Complaint.

8.    The defendant provides software for commercial mortgage service and maintains an office at 8 Suburban Park Drive, Billerica, Massachusetts 01821.

**Answer:**

Admitted.

9.    In January 2000, the plaintiff was hired full time as a programmer by the defendant McCracken Financial Software, Inc. in Billerica, Massachusetts.

**Answer:**

Admitted.

10.    During his period of employment the plaintiff was offered increasingly more responsible duties and responsibilities culminating in the plaintiff being the sole means of implementation and support for over five hundred users/clients that contracted for and paid for monthly access and support through the application program, Canaveral System.

- 3 -

**Answer:**

Denied.

11.   New customers and accounts were frequently being added.

**Answer:**

Defendant admits that new customers and accounts were added to the Canaveral System. The remaining allegations of Paragraph 11 of the Complaint are denied.

12.   All customer services issues for this system were referred to the plaintiff.

**Answer:**

Defendant admits that all customer services issues for the Canaveral System were referred to Plaintiff, except when Plaintiff was absent from work. Defendant denies the remaining allegations of Paragraph 12 of the Complaint.

13.   The plaintiff was the only employee to build, setup and maintain the Canaveral disaster recovery system that several customers actively contracted for and that had to be tested yearly.

**Answer:**

Admitted.

14.   The plaintiff was responsible for each and every one of these tests.

**Answer:**

Admitted.

15.   The plaintiff was the webmaster for the McCracken Financial Software, Inc. web site, that was the primary means of customer communication for all issues.

**Answer:**

Defendant admits that Plaintiff was the webmaster for the McCracken Financial

Software, Inc. web site. Defendant denies the remaining allegations of Paragraph 15 of

the Complaint.

16.     During his course of employment the plaintiff received good performance

reviews, and quite recently his salary was increased with a performance bonus.

**Answer:**

Defendant admits that in February 2004, Plaintiff received a salary increase and a

performance bonus. Defendant denies the remaining allegations of Paragraph 16 of the

Complaint.

17.     On or about April 29, 2004 Dana Laing was empanelled as an alternate juror for a

grand jury sitting for the United States District Court for the District of Massachusetts.

**Answer:**

Defendant admits that Mr. Laing was summoned for jury duty on April 29, 2004.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of Paragraph 17 of the Complaint.

18.     The plaintiff had advised his supervisors that he would be unavailable the 29th of

April 2004 because of his grand jury service.

**Answer:**

Defendant admits that Plaintiff advised his supervisors that he would be unavailable on

April 29, 2004 because he had jury duty. Defendant denies the remaining allegations of

Paragraph 18 of the Complaint.

19.    By a letter dated May 21, 2004 from the court plaintiff was advised that he had been called to serve as a regular grand juror.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint.

20.    The plaintiff advised his supervisors that he would be required to serve as a grand juror Wednesdays for approximately one year, amounting to some 400 hours.

**Answer:**

Defendant admits that Plaintiff advised his supervisors that he was empanelled on a grand jury that met on Wednesdays, and that the grand jury could meet for as long as one year. Defendant denies the remaining allegations of Paragraph 20 of the Complaint.

21.    On April 29th, June 2nd and June 16th 2004, the plaintiff served on the grand jury.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint.

22.    His supervisors were so notified of this service.

**Answer:**

Defendant admits that Plaintiff notified his supervisors that he had jury duty on April 29, 2004, and that he had grand jury service on June 2 and 16, 2004.  Defendant denies the remaining allegations of Paragraph 22 of the Complaint.

23.    The plaintiff submitted to his supervisors all of the relevant documents: the summons and attendance slips for his grand jury service.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

24.    The plaintiff has continued to serve on the grand jury.

**Answer:**

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint.

25.    After over four years, of completely satisfactory and competent performance that enabled the defendant to increase its volume of business and its profit, the plaintiff was summarily terminated.

**Answer:**

Defendant admits that it terminated Plaintiff's employment as part of an economic reduction in the size of its workforce.  Defendant denies the remaining allegations of Paragraph 25 of the Complaint.

26.    On June 15, 2004 the president of the defendant company, Noel M. Webster told the plaintiff that his employment was to be terminated effective immediately.

**Answer:**

Defendant admits that on June 15, 2004, Noel M. Webster, its President, informed Plaintiff and eleven other employees that their positions were eliminated effective that day.  Defendant denies the remaining allegations of Paragraph 26 of the Complaint.

27.    The stated reason was that his employment had to be terminated due to a decrease in the volume of the company's business.

**Answer:**

Defendant admits that Mr. Webster told Plaintiff and the other eleven employees that their positions were being eliminated because of a decrease in business. Defendant denies the remaining allegations of Paragraph 27 of the Complaint.

28.    In terminating the plaintiff's employment the defendant willfully, knowingly, and intentionally discriminated against the plaintiff on the sole basis of his federal grand jury service.

**Answer:**

Denied.

29.    As a result of the defendant's willful, knowing and intentional action against the plaintiff, the plaintiff has sustained and continues to sustain substantial loses in his earnings, retirement benefits and other employment related benefits: all in excess of two hundred fifty thousand dollars.

**Answer:**

Denied.

30.    The plaintiff requests leave of the court to amend this amount when the damages are more fully ascertained.

**Answer:**

No responsive pleading is required to the allegations of Paragraph 30 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Defendant eliminated Plaintiff's position for legitimate business reasons wholly unrelated to his federal grand jury service.

- 8 -

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for monetary damages are barred or reduced to the extent that Plaintiff failed to mitigate such damages.

For the foregoing reasons, Defendant respectfully requests that this Court enter judgment in its favor, and award it costs of the action, attorneys' fees and such other relief as the Court determines to be just and appropriate.

Respectfully submitted,

McCRACKEN FINANCIAL SOFTWARE, INC.
By Its Attorneys,

Jeffrey W. Moss, BBO# 552421
Morgan, Lewis & Bockius LLP
225 Franklin Street, Suite 1705
Boston, Massachusetts 02110
Tel:    617.451.9700

Dated: April 27, 2005

1-BO/100761.1

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above-referenced document(s) was served upon the attorney(s) of record, on ___4/27___, by:
(___) hand; (___) fax; (___) email; (✓) U.S. mail
                                          └FEDEX

- 9 -