UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DANA E. LAING, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 05-10107-MLW |
| | : | |
| McCRACKEN FINANCIAL SOFTWARE, INC. | : | |
| | : | |
| Defendant. | : | |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)**

I.  **INTRODUCTION**

Pursuant to Local Rule 16.1(d), the following Joint Statement is submitted by the parties in this case. This Joint Statement includes a discovery plan, including deadlines for filing Motions. While the parties agree on the proposed schedule set forth in this Joint Statement, they understand that this proposed schedule shall be considered by the Court as advisory only. The purpose of this Joint Statement is to advise the Court of the parties' best estimates as to the time they will require to accomplish the specified pre-trial steps.

In addition, pursuant to Local Rule 16.1(d)(3), attached is Defendant's Certification that it and counsel have conferred with respect to establishing a budget for the cost of conducting the various courses of litigation and have considered the resolution of this litigation through the use of alternative dispute resolution programs. Plaintiff intends to submit his certification shortly.

II.     DISCOVERY PLAN INCLUDING MOTION DEADLINES

The parties jointly submit the following proposed discovery plan in this matter:

1. Initial Disclosures.  Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be served by September 30, 2005.

2. Phased Discovery.  The parties do not believe that phased discovery is necessary.

3. Additional Orders.  The parties do not currently request any additional order under Rule 26(c) or Rule 16(b) and (c).  Defendant reserves the right to seek an appropriate confidentiality order should Plaintiff seek discovery regarding confidential business information or private information concerning Defendant's employees.

4. Amendment of Pleadings and Additional Parties.  Any party seeking leave to amend the pleadings or add parties shall file such motion on or before November 30, 2005.

5. Fact Discovery.  All fact discovery shall be completed on or before January 31, 2006.

6. Interrogatories.  Each party may serve no more than twenty-five (25) Interrogatories, including subparts.

7. Number of Depositions.  Depositions of parties and third party witnesses shall be limited in number to ten (10) for each side.

8. Expert Discovery.  Plaintiff shall disclose the identity of any expert witness and, for each such witness, shall produce on or before November 30, 2005, a written report and the other information required by Rule 26(2)(B) of the Federal Rules of Civil Procedure.  Defendant shall make its expert disclosures on or before December 31, 2005.  All expert discovery shall be completed on or before January 31, 2006.

- 3 -

9. <u>Dispositive Motions</u>.  Dispositive motions shall be filed on or before February 28, 2006.

10. <u>Trial Date</u>.  The Trial Date shall be no earlier than 60 days after the resolution of dispositive motions.

11. <u>Pre-trial Memoranda</u>.  Plaintiff's Pre-Trial Memorandum shall be due 45 days before the Trial Date.  Defendant's Pre-Trial Memorandum shall be due 30 days before the Trial Date.

12. <u>Motions in Limine</u>.  Motions in Limine, Proposed Jury Instructions, and Proposed Voir Dire shall be due 15 days before the Trial Date.  The parties shall exchange pre-marked exhibits 15 days before the Trial Date.

13. <u>Final Pre-Trial Conference</u>.  The Court shall hold a Final Pre-Trial Conference no later than 5 business days before the Trial Date.

14. <u>Possibility of Settlement</u>.  On September 6, 2005, Plaintiff made a settlement demand of $100,000.  On September 8, 2005, Plaintiff made a revised settlement demand of $135,000.  Defendant will respond to the demand at or before the scheduling

conference. The parties are hopeful that they can resolve this matter and believe that an early settlement conference before the Court may assist their efforts. Thus, the parties respectfully request that the Court hold a settlement conference, requiring the parties' attendance, before October 31, 2005.

Respectfully submitted,

| | |
|---|---|
| */s/ Lois M. Lewis* | */s/ Jeffrey W. Moss* |
| Lois M. Lewis (BBO# 298580) | Jeffrey W. Moss (BBO No. 552421) |
| 74 Fuller Terrace | MORGAN, LEWIS & BOCKIUS LLP |
| Boston, Massachusetts 02465 | 225 Franklin Street, Suite 1705 |
| Tel:   617.969.4854 | Boston, Massachusetts 02110 |
| | Tel:   617.451.9700 |
| Attorney for Plaintiff | |
| | Michael L. Banks (Admitted *Pro Hac Vice*) |
| | Michael J. Eagles (Admitted *Pro Hac Vice*) |
| | MORGAN, LEWIS & BOCKIUS LLP |
| | 1701 Market Street |
| | Philadelphia, Pennsylvania 19103 |
| | Tel:   215.963.5387/5183 |
| | |
| | Attorneys for Defendant |

1-BO/100993.1

- 5 -

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing *Joint Statement Pursuant to Local Rule 16.1(d) and Certification of Defendant McCracken Financial Software, Inc.* have been forwarded *via* U.S. mail to the following counsel on September 8, 2005.

      Lois M. Lewis, Esq.
      74 Fuller Terrace
      Boston, Massachusetts   02465


      */s/ Jeffrey W. Moss*
      Jeffrey W. Moss